# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Bentley Industries, Inc., a California corporation dba Neutraceutical Services of America,<br><br>Plaintiff,<br><br>v.<br><br>Longevity Network, LLC, a Nevada limited liability company, James S. Song, an individual; and International Sports Center, LLC, a Nevada limited liability company dba and aka Longevity Sports Center,<br><br>Defendants.<br><br>and ALL RELATED CLAIMS | Case No.: 2:12-cv-1067-JAD-NJK<br><br>**Order Denying Motions to Strike or Dismiss Defendants' Amended Answer, Counterclaims and Third Party Complaint [Doc. 18, 21]** |

This lawsuit involves a longstanding, intertwined relationship between two friends and business partners that has deteriorated. Plaintiff Bentley Industries, Inc. filed its Complaint on June 22, 2012, alleging contract and tort-based theories of recovery. Doc. 1. Defendants Longevity Network, LLC, et al. answered on August 17, 2012. Doc. 10. Twenty-four days later, on September 10, 2012, they filed an amended answer that included for the first time counterclaims against Bentley and third party claims against Bentley principal Daniel Fingarette.

Bentley and Fingarette now challenge that amended answer and its affirmative claims with two motions: Bentley's Motion to Strike from the Record or Dismiss Defendants' Amended Answer, Counterclaims and Third Party Complaint [Doc. 18], seeking dismissal of

the counterclaims as untimely; and Fingarette's Motion to Dismiss and/or Strike from the Record Defendants/Third Party Plaintiffs' Third Party Complaint [Doc. 21]. For the reasons set forth below, the motions to strike or dismiss are denied; however, Defendants are granted leave to amend their answer to restyle their third-party claims as counterclaims.

### Discussion

**A.    Plaintiff's Motion to Strike or Dismiss Longevity's Counterclaims [#18]**

Bentley moves to strike or dismiss Longevity's counterclaims because they were filed 24 days after the original answer, which Bentley contends is 3 days after the 21-day window for amendment without leave under Rule 15 closed. Doc. 18 at 2. Bentley contends that the lateness of the document renders it a "fugitive document" without legal effect, and that the statutes of limitations on the majority of these counterclaims ran the following day. *See id.* at 2-3.

Defendants deny that their amendment was late. They contend that because they served their amended answer via email, Rule 15's 21-day window for amendment as of right was extended by 3 days by application of Rule 6(d), giving them a 24-day window for amendment, which they satisfied. *See* Doc. 28. The question for this Court, then, is whether Rule 6(d) extends Rule 15's 21-day window for amendment without leave. The Court answers that question in the affirmative and finds that Defendants' 24th-day amendment was timely by plain application of Rule 6(d).

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Milner v. Dep't of Navy*, 131 S.Ct. 1259, 1264 (2011) (citing *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)). Rule 15(a) allows a party to "amend its pleading once as a matter of course within 21 days of serving it"; thereafter, leave of court is required. Fed. R. Civ. Proc. 15(a)(1)(A). Civil Procedure Rule 6(d) enlarges certain time periods under the Rules by three days when service is made by mail or electronic means. Fed. R. Civ. Proc. 6(d) ("[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2) . . . (E) . . . 3 days are added after the period would

otherwise expire. . . ."); Fed. R. Civ. Proc. 5(b)(2)(E) (allowing service "by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns it did not reach the person to be served."). Read together according to their plain and unambiguous meaning, because Rule 15(a) requires a party to act within a specified time after service, Rule 6(d) operates to enlarge Rule 15(a)'s 21-day amendment period by 3 days when the original answer is served electronically as Defendants' answer was here.

Bentley suggests that Rule 6(d) does not apply to Rule 15(a)(1)(A) because Rule 15(a)(1)(2) allows amendment within 21 days "after *serving*" the original answer but Rule 6(d) grants the additional three days for acts that must be performed within a specified time "after *service*." *See* Doc. 45 at 4-6 (emphasis added). Bentley highlights that Rule 15(a)(1)(B), which sets the time for amending pleadings to which a response is required, uses the term "after service" and, thus, Rule 6(d) would only extend the 21-day window for amending a pleading to which a response is required, but not a bald answer for which amendment is allowed under subsection (A). The Court finds no meaningful distinction by the use of these different forms of the same word in these provisions as the reading that Bentley suggests leads to the absurd result that a defendant filing an answer would have just 21 days to amend it without leave, but his co-defendant filing an answer *and counterclaim* would have 24 days. *See United States v. Middleton*, 231 F.3d 1207, 1210 (9th Cir. 2000) ("We are instructed to avoid, if possible, an interpretation that would produce 'an absurd and unjust result . . . .'") (quoting *Clinton v. City of New York*, 524 U.S. 417, 429 (1998)).

Nor is there any support for Bentley's theory that only a *recipient* of a served pleading may avail itself of the 3-day extension in the rule. The Rule applies without limitation any time "a party may or must act within a specified time after service and service is made" under the methods specified therein and does not, by its plain terms, limit the class of beneficiaries who may avail themselves of this extra cushion. And although Bentley correctly notes that all of the cases Defendants cite in support of their contention present slightly different fact patterns, nothing in these cases limits the reach of Rule 6(d) in a way that would prevent its

3

application here.  *See, e.g.*, *Harnish v. Weidner University School of Law*, 2012 WL 2576353, at *2 (D.N.J. July 3, 2012) (motion to amend complaint following motion to dismiss); *Alliance Solutions, Inc. v. Quest Software, Inc.*, 2012 WL 692883, at *7 (D. Md. Mar. 1, 2012) (same).  Indeed, at least one scholar in a detailed article discussing the changes to the text of Rule 6 has concluded that its 3-day service rule applies to the instant scenario as "only a plain reading of Rule 6 will eliminate the risk that the rule will inevitably act as a pitfall for some hapless litigant who took it at face value in calculating how much time he had to get something done."  James J. Duane, *The Federal Rule of Civil Procedure that Was Changed by Accident: a Lesson in the Perils of Stylistic Revision*, 62 S.C. L. Rev. 41, 62 (2010).  The Court concludes that Defendants were entitled to the additional 3 days under Rule 6(d), and their 24th-day filing of their Amended Answer was—though just barely—perfectly timely.  Bentley's Motion to Strike or Dismiss the Counterclaims is denied.

**B.     Motion to Dismiss and/or Strike Third-Party Complaint [Doc. 21]**

Third Party Defendant Daniel Fingarette moves to dismiss Defendants' third-party complaint.  Fingarette correctly notes that under Rule 14(a), a third-party plaintiff must seek leave of Court to file a third-party complaint into the record "more than 14 days after serving its original answer."  *Id.*  Defendants' "third party complaint" against Fingarette, filed 24 days after its original answer, was untimely under this rule; instead of claiming otherwise, Defendants argue that they mistakenly styled their claims as third-party claims when, in fact, they meant to join Fingarette as a counterclaim defendant under Rules 13(h) and 20(a)(2) of the Federal Rules of Civil Procedure.  Doc. 29.  As a counterclaim against Fingarette, the amendment to include these claims would be timely.  *See supra.*

Rule 14 authorizes third party claims against nonparties who may be liable to the defendant for all or part of the plaintiff's claims against the defendant.  Fed. R. Civ. P. 14(a)(1). A review of the claims against Fingarette demonstrates that they are not true third party claims, *see* Doc. 12, and Fingarette concedes that the claims against him "cannot be read or construed to assert claims of subrogation, contribution or indemnity against [him] that are secondary or derivative to the claims that the Plaintiff asserts against the Defendants. . . .

4

Defendants basically contend that Mr. Fingarette and Plaintiff share identical 'primary' liability." Doc. 21 at 4.

But striking the claims is not a just remedy for this apparent mistake in nomenclature. These claims could have been brought against Fingarette under Civil Rules 13(h) and 20(a)(2), which permit the joining of additional counterclaim defendants. *See KTS Properties, LLC v. Skaaning*, 2010 WL 2900590, at *3 (D. Haw. July 23, 2010). Leave of court was not required for the addition of Fingarette as a counterclaim defendant under Rules 13(h) and 20(a)(2). Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). There is no bright-line definition of "transaction," "occurrence," or "series"; courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Joinder in a single case may be appropriate—even though there might be different occurrences—if the claims involve enough related operative facts. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not such much upon the immediateness of their connection as upon their logical relationship."). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Three of Defendants' ten claims are asserted jointly against Bentley and Fingarette and thus plainly "arise out of the same transaction, occurrence, or series of transactions or occurrences" and present the same questions of law and fact. All of the remaining claims arise out of the same series of transactions and occurrences—the relationships between Defendants, Bentley, and Fingarette—and present sufficient common questions of law and

5

fact to make Fingarette's joinder as a counterclaim defendant logical and economical in this case. As Defendants could (and should) have styled their claims against Fingarette as counterclaims instead of third party claims, in which case the claims would have been timely under FRCP 6(d) and 15(a), the Court declines Fingarette's request to strike the third-party claims against him as improper and untimely. Instead, the Court will deem these third-party claims to be timely filed counterclaims and permit Defendants leave to restyle their claims against Fingarette as counterclaims instead of third-party claims and to recharacterize Fingarette as a counterclaim defendant rather than a third-party defendant.[1]

**C.     Time for Filing the Amended Counterclaims**

The Court notes that during the November 8, 2013, hearing in which three other pending motions in the case were decided, Bentley was granted leave to file an amended complaint. *See* Doc. 64 (minutes). The instant order resolves all remaining motions in this matter. Now that all pending motions that might impact Bentley's filing of an amended complaint have been decided, Bentley shall file any amended complaint within 10 days of the date of this order. Defendants shall then have 10 days from the filing of Bentley's amended complaint to file their answer to the amended complaint along with their amended counterclaim consistent with this order.

**Conclusion**

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **ORDERED** that Bentley's Motion to Strike from the Record or Dismiss

---

[1] "An amendment to add a counterclaim will be governed by Rule 15." Rule 13, Advisory Committee's Notes to 2007 amendment. Under Rule 15(a)(2), courts "freely give leave [to amend] when justice so requires." *Id.*; *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the Plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The district court should allow amendment unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party. *Id.* The Court finds that Defendants have satisfied the liberal standard for amending their claims to restyle their third-party claims against Fingarette consistent with this opinion.

Defendants' Amended Answer, Counterclaims and Third Party Complaint [Doc. 18] is **DENIED**;

It is **FURTHER ORDERED** that Fingarette's Motion to Dismiss and/or Strike from the Record Defendants/Third Party Plaintiffs' Third Party Complaint **[Doc. 21] is also DENIED**; Defendants are granted leave to restyle their third-party claims against Fingarette as counterclaims. Service must be properly effected upon Fingarette;

It is **FURTHER ORDERED** that Bentley shall file its amended complaint within 10 days of the date of this order; Defendants shall then have 10 days from the filing of Bentley's amended complaint to file their answer to the amended complaint along with their amended counterclaim restyling their claims against Fingarette in a manner consistent with this order.[2]

DATED: December 30, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[2] If Bentley does not file an amended complaint within 10 days of this order, Defendants shall have 20 days from the date of this order to file their amended counterclaim.