# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BENTLEY INDUSTRIES, INC., et al., <br><br>　　　　　Plaintiff(s), <br><br>vs. <br><br>LONGEVITY NETWORK, LLC, et al., <br><br>　　　　　Defendant(s). | Case No. 2:12-cv-01067-JAD-NJK <br><br>ORDER DENYING MOTION TO STAY DISCOVERY <br><br>(Docket No. 80) |

　　　　Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion for summary judgment. Docket No. 80. Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 89, 91. The Court finds the motion to stay discovery properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to stay discovery is hereby **DENIED**.

　　　　"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek"

at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds that a stay of discovery is not appropriate in this case.[1] Most significantly, the Court has taken a preliminary peek at the motion for summary judgment and is not convinced that it will be granted.[2] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4). That concern is heightened in a case like this one that has already been pending for nearly two years and discovery has not been completed. *Cf.* Local Rules 26-1(d) and 26-1(e)(1) (providing presumption that a reasonable discovery period is 180 days calculated from the first defendant answering or otherwise appearing in the case).

---

[1] The pending motion seeks a stay of all discovery. *See, e.g.*, Docket No. 80 at 2, 8. But Defendants acknowledge in their reply that the motion for summary judgment is not potentially case-dispositive. *See* Docket No. 91 at 8. Defendants blame a typographical error for their earlier assertion that the "motion for summary judgment will resolve the entire case as it seeks judgment on all of the claims that have been asserted." *See* Docket No. 80 at 8; Docket No. 91 at 8. As a result, the reply attempts to limit the scope of the requested stay to only discovery related to the claims at issue in the motion for summary judgment. *See* Docket No. 91 at 8. The Court generally does not consider arguments raised for the first time in reply. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam). Even construing the motion as seeking a limited stay of discovery, however, it fails for the reasons discussed above.

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

1  The Court has carefully reviewed the arguments presented in the motion for summary judgment
2  and subsequent briefing.  Docket Nos. 78, 92, 96.  The Court is simply not convinced that the motion
3  for summary judgment will be granted, such that continuing discovery will be a waste of effort.
4  Accordingly, the motion to stay discovery is hereby **DENIED**.[3]
5  IT IS SO ORDERED.
6  DATED: April 30, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] Plaintiff seeks an order from the Court that Defendants' discovery responses were improper and, as a result, all objections have been waived.  *See* Docket No. 89 at 17-18.  That issue is not properly before the Court, so the Court expresses no opinion on it.